1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE VIERA-TORRES,

        Petitioner,

  v.

MICHAEL L. BENOV,

        Respondent.

Case No. 1:14-cv-00480-AWI-BAM-HC

FINDINGS AND RECOMMENDATIONS TO
GRANT RESPONDENT'S MOTION TO
DISMISS THE PETITION (DOC. 11)

FINDINGS AND RECOMMENDATIONS TO
DISMISS THE PETITION FOR WRIT OF
HABEAS CORPUS AS MOOT (DOC. 1) AND
DIRECT THE CLERK TO CLOSE THE CASE

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the petition as moot, which was served and filed on July 14, 2014. Although the thirty-day period for filing opposition to the motion has passed, no opposition has been filed.

    I.   <u>Background</u>

    Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the disallowance of twenty-seven days of good

1

conduct time credit that Petitioner suffered as a result of prison disciplinary findings, initially made at TCI on or about December 21, 2012, that he engaged in the prohibited conduct of tattooing. (Pet., doc. 1 at 2-7, 9, 12.)  Petitioner seeks invalidation of the sanction.  Petitioner raises the following claims in the petition: 1) because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good conduct time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the DHO was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good conduct time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated.  (Doc. 1 at 2-9.)

Respondent moves for dismissal of the petition as moot because the disciplinary charges were reheard via teleconference on May 28, 2014, by a certified disciplinary hearing officer of the BOP.  At the rehearing, Petitioner admitted that he had received a tattoo. The BOP DHO found that Petitioner had committed the prohibited misconduct of tattooing, and he assessed a loss of twenty-seven (27) days of good conduct time credit and four months of loss of commissary privileges.  (Doc. 11-1 at 1-3, 13-15.)

II.   Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies.  Iron Arrow Honor Society v. Heckler, 464

2

U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18.

Here, documentation submitted by Respondent in support of the motion to dismiss demonstrates that the claims initially alleged by Petitioner are no longer in controversy. The charges were reheard by an officer who had the precise qualifications that Petitioner had alleged were required by principles of due process of law and the pertinent regulations. It is undisputed that the findings and sanctions that constituted the object of Petitioner's challenges in the petition have now been superseded by the findings and sanctions of the certified BOP DHO.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

In the present case, it appears that the only relief that Petitioner sought was invalidation of the findings and associated sanctions. It has been demonstrated that the rehearing of the incident report by an indisputably qualified DHO has effectuated the relief sought by Petitioner.  Thus, it is no longer possible for this Court to issue a decision redressing the injury.

In summary, the claims in the petition before the Court are no longer subject to redress by the Court.  The factual accuracy of the findings on rehearing are undisputed, the record establishes that Petitioner received procedural due process of law, and there is no indication that Petitioner suffered any legally cognizable prejudice.

Further, to the extent that any claims remain before the Court, the claims concern only conditions of confinement.  A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.  § 2241(c)(1) & (3).  A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

confinement and thus should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but that to the extent that the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (holding that the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens); but see Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (holding that habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits and subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, no. 1:09-cv-00831-AWI-JLT-HC, 2010 WL 2180378 (E.D.Cal., May 28, 2010) (holding that a petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions that have been brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate. See, e.g., Dyson v. Rios, no. 1:10-cv-00382-DLB(HC), 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010) (a claim challenging placement in a special management housing unit in connection with a disciplinary violation); Burnette v. Smith, no.

5

CIV S-08-2178 DAD P, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009)
(a petition seeking a transfer and prevention of retaliation by
prison staff); Evans v. U.S. Penitentiary, no. 1:07-CV-01611 OWW GSA
HC, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought
pursuant to § 2241 regarding a transfer and inadequate medical
care).

        Here, to the extent that any claims remain before the Court,
the claims concern conditions of confinement that do not bear a
relationship to, or have any effect on, the legality or duration of
Petitioner's confinement.  It has long been established that habeas
corpus should be used as a vehicle to determine the lawfulness of
custody and not as a writ of error.  See Eagles v. U.S. ex rel.
Samuels, 329 U.S. 304, 311-12 (1946).  Habeas corpus proceedings are
not an appropriate forum for claims regarding disciplinary
procedures if the effect of the procedures on the length of the
inmate's sentence is only speculative or incidental.  Sisk v.
Branch, 974 F.2d 116, 117-118 (9th Cir. 1992).  The Court concludes
that if any claims remain before the Court, the claims are not
within the core of habeas corpus jurisdiction pursuant to 28 U.S.C.
§ 2241.

        In summary, Petitioner has not asserted any factual or legal
basis that would preclude a finding of mootness.  The Court thus
concludes that the matter is moot because the Court may no longer
grant any effective relief.  See, Badea v. Cox, 931 F.2d 573, 574
(9th Cir. 1991) (holding that a habeas claim was moot where a former
inmate sought placement in a community treatment center but was
subsequently released on parole and no longer sought such a
transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010)

(dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, it will be recommended that the Court grant the motion to dismiss the petition as moot.

III.  Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

1) The petition for writ of habeas corpus be DISMISSED as moot; and  2) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 30, 2014**        /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28